# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **LINDSAY MORSE,**<br><br>*Plaintiff*,<br><br>v.<br><br>**BURKE PRIMARY CARE, PLLC,**<br><br>*Defendant*. | **CASE NO.: 1:23-CV-351** |

## COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Lindsey Morse ("Morse"), and complaining of the Defendant, Burke Primary Care, PLLC ("Burke"), alleges the following to be true:

### INTRODUCTION

1  This action arises from Burke's failure to accommodate Morse's disability and termination of Morse based on disability and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*.

2  Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

### PARTIES, JURISDICTION, AND VENUE

3  Morse is a resident of Catawba County, North Carolina, and is neither a minor nor incompetent.

4    Burke is a domestic corporation with offices and a registered agent in Burke County, North Carolina.

5    This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

    5.1    28 U.S.C. § 1331, as the action arises out of 42 U.S.C. §§ 12101 *et seq.*

6    This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

    6.1    Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    6.2    N.C. Gen. Stat. § 1-75.4(1)(c) and (d), as Burke was a domestic corporation engaged in substantial business activity within this state at the time service of process was made upon it.

    6.3    N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Morse's person or property.

7    Venue is proper in this Court pursuant to any/all of the following:

    7.1    28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Western District of North Carolina;

    7.2    28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Western District of North Carolina.

-2-
Case 1:23-cv-00351-MOC-WCM    Document 1    Filed 12/18/23    Page 2 of 8

## STATEMENT OF THE FACTS

8 Morse began working for Burke in June 2018.

9 At all relevant times, Morse was a Prior Authorizations Coordinator. This job consisted of authorizing medication refills and prior authorizations on medications, work which was done at a desk using a computer and phone.

10 In mid-2019, Morse began suffering severe leg pains, which caused her to miss work and negatively affected her job.

11 These pains in her legs were chronic and substantially limited Morse's major life activities of walking, standing, and driving, among others.

12 It took Morse's doctors until March 2021 to diagnose Morse's condition as small fiber neuropathy, a disability which substantially limits the functions of the nervous system.

13 In October 2020, Morse spoke to manager Scott Galagher (Galagher) about intermittent FMLA for flare ups and doctor's appointments, which Burke granted.

14 Morse had been seeing a provider at Burke, who also suggested to Galagher that Morse work from home, to which Galagher agreed because Morse could do all the major functions of her job from home on the computer.

15 Other employees with Burke had worked from home since the start of the COVID-19 pandemic and continued to do so.

16 On January 4, 2021, Morse messaged Betsy Brown ("Brown") in human resources through Burke's internal messaging to ask for reimbursement for computer equipment she had purchased to work from home. Brown told Morse to send a message to Galagher, which she did.

17	Galagher did not respond to Morse's message with another message, but late that evening, after business hours, Galagher called Morse and told her she could not work from home anymore. He said that Morse would have to come in to work the next day or they would activate her FMLA. Galagher refused to explain why Burke could no longer accommodate her work-from-home request.

18	Morse chose to use her FMLA because her doctor had not cleared her to return to the office.

19	A few days later, Morse had a conversation with Joy Johnson ("Johnson"), Morse's immediate supervisor, and Galagher, and asked why she could not work from home while other employees could. Galagher became angry at this question but did not directly answer it.

20	On March 31, 2021, after Morse had been diagnosed with small fiber neuropathy and communicated that diagnosis to Burke, Galagher requested a meeting with Morse. During the meeting, Galagher told Morse that she needed to come into the office 2-3 days per week and that she needed a release from her doctor in writing. Morse said that she would ask her doctor for a release.

21	Morse did ask her doctor for a release.

22	A couple of days later, May Thao ("Thao"), who replaced Johnson as Morse's supervisor, called Morse and asked if she could do 3-4 days in the office instead of 2-3. Morse responded that she was still waiting to hear back from her doctor.

23	The next day, Thao called again and said they would need Morse to be in the office full time. Morse responded that she had still not heard back from her doctor, but that she would check in after that phone call.

24	Thao then said, "Can you come in to work tomorrow or not?" Morse said she needed to check with her doctor. Thao responded that if Morse could not come in the next day, she would be fired.

25	Burke continued allowing employees with computer-based jobs similar to Morse's to work from home.

26	Burke has 101-200 employees.

27	Morse filed an EEOC charge on October 6, 2021, alleging disability discrimination and retaliation, and received a notice of right to sue from the EEOC on September 19, 2023.

## FIRST CAUSE OF ACTION
### Failure to Accommodate
*Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq.*

28	Morse has a disability within the meaning of the statute.

29	Burke was aware of Morse's disability.

30	With the reasonable accommodation of working from home, Morse could perform the essential functions of her job.

31	Burke refused to make such accommodation after Morse requested reimbursement from work-from-home equipment she had purchased based on Burke's initial agreement to make the accommodation.

## SECOND CAUSE OF ACTION
### Disability Discrimination
*Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq.*

32	Morse was a qualified individual with a disability.

33	Morse was discharged.

34      Morse was fulfilling her employer's legitimate expectations at the time of discharge.

35      The circumstances of Morse's discharge raise a reasonable inference of unlawful discrimination.

## THIRD CAUSE OF ACTION
### Retaliation
*Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101* et seq.

36      Morse engaged in a protected activity by requesting an accommodation under the Americans with Disabilities Act.

37      Morse suffered adverse employment actions of having her work-from-home accommodation taken away and termination.

38      There is a causal connection between Morse's protected activities and her termination.

## PRAYER FOR PUNITIVE DAMAGES

39      Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

    39.1    Malice;

    39.2    An evil motive; and/or

    39.3    Callous indifference to a federally protected right.

40      Officers, directors, and/or managers of Defendant participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

## REQUEST FOR JURY TRIAL

41      Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests this Court that it:

1. Enter Judgment for Morse against Defendant on all causes of action contained herein;

2. Award Morse damages, including punitive damages, in an amount to be determined at trial;

3. Tax the costs of this action against Defendant and award Morse reasonable attorney fees as permitted by law, and;

4. Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 18th day of December 2023,*

/s/ **WILSON FONG**
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2023, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and will serve the following by Certified Mail, return receipt:

> Burke Primary Care, PLLC
> c/o Timothy M. Robinson
> 103 Medical Heights Dr Ste 201
> Morganton, NC 28655
> *Defendant*

/s/ WILSON FONG
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com